McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**
JUL 18 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRON DIMITRI ROSS, and<br>JOSHUA BILAL GEORGE,<br><br>Defendants. | CASE NO. 2:18-CR-0266 WBS<br><br>18 U.S.C. § 371 – Conspiracy to Defraud and Commit Offenses Against the United States; 18 U.S.C. § 641 – Theft of Government Property; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. § 1343 – Wire Fraud (11 Counts); 18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments; 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

S U P E R S E D I N G   I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 371 – Conspiracy to Defraud and Commit Offenses against the United States]

The Grand Jury charges:

DARRON DIMITRI ROSS, and
JOSHUA BILAL GEORGE,

defendants herein, as follows:

I.     **PARTIES AND RELEVANT ENTITIES**

At times material:

1.     The Social Security Administration (SSA) was an independent agency in the Executive Branch of the Government of the United States. SSA's function and duty was to administer the old-age, survivors, and disability insurance programs under Title 42, United States Code, Chapter 7, Subchapters

II and XVI.

2. Eric Lemoyne Willis was employed by the SSA in the State and Eastern District of California. Willis was an Operations Supervisor at the SSA field office in Lodi, California, where he worked from February 7, 2016 to the date of his termination. Prior to his reassignment to the Lodi office, Willis was an Operations Supervisor at SSA's South Sacramento field office. All of Willis's duty stations since starting with SSA in 2003 were located within the State and Eastern District of California. SSA terminated Willis from employment on January 5, 2018.

3. Defendant DARRON DIMITRI ROSS resided in or around Charlotte, North Carolina.

4. Defendant JOSHUA BILAL GEORGE resided in San Diego, California, and was a law enforcement officer with the Federal Protective Service (FPS). FPS officers, including GEORGE, regularly worked with SSA employees, because they handled protective security matters for many SSA offices. GEORGE met Willis in approximately 2014 when he was working for FPS in the Sacramento area. GEORGE met ROSS when the two were childhood friends living in North Carolina.

## II. THE CONSPIRACY

5. Beginning on or about November 12, 2015, and continuing thereafter until in or about October 2018, ROSS, GEORGE, and Willis knowingly and willfully conspired and agreed together and with each other to use deceitful and dishonest means to defraud the United States, including the Social Security Administration, of and concerning its governmental functions, and to commit the following offenses against the United States: Title 18, United States Code, Sections 641 (theft of government property), 1343 (wire fraud), and 1028A (aggravated identity theft).

## III. MANNER AND MEANS

During all times relevant to the conspiracy, the manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

6. As an SSA employee, Willis had access to SSA records that stored the personally identifiable information (PII) of numerous Social Security beneficiaries located throughout the United States. Within the scope of his employment, he also had regular face-to-face and phone contact with beneficiaries who provided him with PII and other personal information as part of standard SSA practice and procedure. Such PII included, without limitation, beneficiaries' names, Social Security numbers,

dates of birth, addresses, phone numbers, bank account numbers, family information, and benefit payment amounts.

7. While Willis worked as an SSA employee in the Eastern District of California, he used his government position to access SSA computer records and other sources under his control to obtain the PII of Social Security beneficiaries. He obtained such PII with the intent to supply and transfer the PII to coconspirators ROSS and GEORGE.

8. Willis supplied and transferred the PII to ROSS and GEORGE using electronic and other means including, without limitation, phone communications, text messages, and emails.

9. ROSS opened at least 44 online bank accounts ("drop accounts" or "funnel accounts") under false and stolen identities for the purpose of receiving money stolen from the SSA, including Social Security benefits to which SSA beneficiaries were entitled. These drop accounts were under the control of and managed by at least ROSS.

10. ROSS and GEORGE used the PII they obtained from Willis to contact SSA field offices by phone and other means and pose as the beneficiaries. For each of at least 160 Social Security beneficiaries, ROSS and GEORGE separately contacted SSA customer service representatives (CSRs) by phone and other means and claimed to be the beneficiaries. The CSRs whom ROSS and GEORGE contacted were located in multiple SSA field offices within the Eastern District of California and elsewhere. During each contact, ROSS and GEORGE used a beneficiary's PII and other information to validate their fraudulent identity to the CSR. ROSS and GEORGE then instructed the CSR to change the direct deposit account number associated with the beneficiary's account to that of one of the drop accounts. The CSR – believing that the caller, ROSS or GEORGE, was the true beneficiary – changed the direct deposit account number to the drop account number supplied. ROSS and GEORGE were successful in fraudulently changing direct deposit account numbers for at least 160 Social Security beneficiaries.

11. For many, if not all, of the direct deposit account changes that ROSS and GEORGE caused, the SSA deposited monthly Social Security payments into the drop accounts. These deposits included money of the SSA, which should have been administered as payment to Social Security beneficiaries. These deposits occurred for one or more months until the true beneficiaries reported

missing Social Security payments and SSA corrected the direct deposit account information.

12. On hundreds of occasions, at least ROSS withdrew the Social Security payments from the drop accounts as cash, typically via ATM, and used debit cards associated with the drop accounts to purchase goods and services. At least ROSS conducted these transactions at various locations within the Eastern District of California and elsewhere.

13. Willis knew that ROSS and GEORGE were using the PII that Willis supplied to redirect Social Security payments to drop accounts under at least ROSS's control.

14. In exchange for Willis and GEORGE's participation in the conspiracy, ROSS paid them at least a portion of the stolen Social Security money. For example, on several occasions, ROSS deposited at least a portion of the money directly into WILLIS's bank account. Additionally, ROSS paid Willis and GEORGE in person and via U.S. and private mail carrier. Willis and GEORGE knew that these payments were from the proceeds of the conspirators' unlawful use of the PII that Willis supplied in the conspiracy.

15. The loss to the Social Security Administration and United States resulting from the conspirators' offenses identified herein is at least $480,000.

### IV. OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to accomplish its objects, the following overt acts, among others, were committed in the State and Eastern District of California:

16. On November 30, 2015, Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 1.

17. On February 26, 2016, Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 2.

18. On March 1, 2017, Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 3.

19. On October 26, 2017, Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 4.

20. On January 11, 2016, Willis sent a text message using phone number 702-929-1645 in Sacramento, California, to ROSS at phone number 980-200-4859, wherein the text message included the

1 | Social Security PII of Victim 5.

2 |     21.     On or about January 19, 2016, Willis sent a text message using phone number 310-619-
3 | 3674 in Sacramento, California, to ROSS at phone number 980-200-4859, wherein the text message
4 | discussed the Social Security PII of Victim 6.

5 |     22.     On June 7, 2016, ROSS made a phone call to an SSA field office in Placerville,
6 | California, at phone number 877-545-5497, to pose as Victim 7 and fraudulently change his/her direct
7 | deposit account number to a drop account number under ROSS's control.

8 |     23.     On August 3, 2016, ROSS made a phone call to an SSA field office in Placerville,
9 | California, at phone number 877-545-5497, to pose as Victim 8 and fraudulently change his/her direct
10 | deposit account number to a drop account number under at least ROSS's control.

11 |     24.     On February 29, 2016, GEORGE made a phone call to an SSA field office in
12 | Sacramento, California, at phone number 855-782-9153, to pose as Victim 10 and fraudulently change
13 | his/her direct deposit account number to a drop account number under at least ROSS's control.

14 |     25.     On December 23, 2015, Willis withdrew $3400 in cash from his Wells Fargo checking
15 | account (ending in 8228) in Sacramento, California, less than one day after ROSS deposited a total of
16 | $3800 into the same account, which included at least a portion of Willis's share in the proceeds of the
17 | conspiracy and theft.

18 |     26.     On June 19, 2016, ROSS made two $200 ATM withdrawals in Sacramento, California,
19 | from a drop account hosted by MetaBank (account ending 2094), wherein the account contained the
20 | proceeds of WILLIS's and ROSS's conspiracy and theft, in the form of Social Security payments
21 | intended for beneficiaries.

22 |     27.     On June 20, 2016, ROSS made one $200 ATM withdrawal in Sacramento, California,
23 | from a drop account hosted by MetaBank (account ending 2094), wherein the account contained the
24 | proceeds of the conspirators' crimes identified herein, in the form of Social Security payments intended
25 | for beneficiaries.

26 | All in violation of Title 18, United States Code, Section 371.

27 | ///

28 | ///

COUNT TWO: [18 U.S.C. § 641 – Theft of Government Property]

The Grand Jury further charges: T H A T

DARRON DIMITRI ROSS, and
JOSHUA BILAL GEORGE,

defendants herein, beginning in or about November 2015, and continuing thereafter until in or about October 2018, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly embezzle, steal, and convert to their own use money of the Social Security Administration (SSA), an agency of the United States, namely Social Security benefits intended for Social Security beneficiaries, to which they knew they were not entitled, having a value of over $1,000, in violation of Title 18, United States Code, Section 641.

COUNT THREE: [18 U.S.C. § 1028A – Aggravated Identity Theft]

The Grand Jury further charges: T H A T

DARRON DIMITRI ROSS, and
JOSHUA BILAL GEORGE,

defendants herein, between in or about February 2016 and in or about August 2016, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly transfer, possess, and use, without lawful authority, a means of identification of at least one other person during and in relation to a felony violation of Title 18, United States Code, Section 641 (theft of government property) and Title 18, United States Code, Section 1343 (wire fraud) as described below:

| On or about Date | Transaction Description |
| --- | --- |
| February 3, 2016 | Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query a means of identification of Victim 10 (including his/her name, social security number, and date of birth), wherein Willis possessed and used such means and transferred it to GEORGE. |
| February 29, 2016 | GEORGE made a phone call to an SSA field office in Sacramento, California (phone number 855-782-9153), and possessed, used, and transferred a means of identification of Victim 10 (including his/her name, social security number, and date of birth), which GEORGE received from Willis, to pose as that victim and cause the Social Security Administration to change Victim 10's direct deposit account number. |

All in violation of Title 18, United States Code, Sections 2 and 1028A.

COUNT FOUR: [18 U.S.C. § 1028A – Aggravated Identity Theft]

The Grand Jury further charges: T H A T

DARRON DIMITRI ROSS,

defendant herein, between in or about February 2016 and in or about August 2016, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly transfer, possess, and use, without lawful authority, a means of identification of at least one other person during and in relation to a felony violation of Title 18, United States Code, Section 641 (theft of government property) and Title 18, United States Code, Section 1343 (wire fraud) as described below:

| On or about Date | Transaction Description |
| --- | --- |
| June 19, 2016 | ROSS made two $200 ATM withdrawals in Sacramento, California, from a bank account hosted by MetaBank (account ending 2094) using a means of identification of Victim 9 (including his/her name, debit card number, and bank account number), wherein the account was also opened using a means of identification of Victim 9 (including his/her name, social security number, and date of birth). |
| August 3, 2016 | ROSS made a phone call from outside of California to an SSA field office in Placerville, California (phone number 877-545-5497), and possessed, used, and transferred a means of identification of Victim 8 (including his/her name, social security number, and date of birth), which ROSS received from Willis, to pose as that victim and cause the Social Security Administration to change Victim 8's direct deposit account number. |

All in violation of Title 18, United States Code, Sections 2 and 1028A.

COUNTS FIVE THROUGH FIFTEEN: [18 U.S.C. § 1343 – Wire Fraud]

The Grand Jury further charges: T H A T

DARRON DIMITRI ROSS, and
JOSHUA BILAL GEORGE,

defendants herein, as follows:

### I. THE SCHEME TO DEFRAUD

1. Paragraphs 1 through 4 of Count One are reincorporated as if fully set forth herein.

2. Beginning in or about November 2015, and continuing thereafter until in or about October 2018, in the State and Eastern District of California and elsewhere, Defendants DARRON DIMITRI ROSS and JOSHUA BILAL GEORGE, and Eric Lemoyne Willis, knowingly devised,

1  intended to devise, and participated in a material scheme and artifice to defraud and to obtain money by
2  means of material false and fraudulent pretenses, representations, and promises.

3.  The purpose of the scheme and artifice to defraud was to cause, persuade, and induce the Social Security Administration (SSA) – under material false and fraudulent pretenses, representations, promises – to redirect Social Security benefit payments, intended for Social Security beneficiaries, to fraudulent online bank accounts ("drop accounts" or "funnel accounts") under the control of at least ROSS.

## II.   MANNER AND MEANS

ROSS, GEORGE, and Willis used the following manner and means, among others, to accomplish the scheme and artifice to defraud:

4.  Paragraphs 6 through 15 of Count One are reincorporated as if fully set forth herein.

## III.   USE OF INTERSTATE WIRES

5.  On or about the dates set forth below, in the State and Eastern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, ROSS, GEORGE, and Willis did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals and sounds, specifically:

| Count | On or About Date | Description of Wire |
|---|---|---|
| 5 | November 12, 2015 | ROSS, GEORGE, and Willis participated in a three-way phone call – wherein GEORGE and Willis were located in California and ROSS was located in North Carolina – to discuss and plan their scheme to defraud the Social Security Administration. ROSS used phone number 980-254-1979, GEORGE used phone number 916-807-0027, and Willis used phone number 916-710-3366. |
| 6 | November 30, 2015 | Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 1, wherein the PII was stored on Social Security servers located outside of California. |
| 7 | January 11, 2016 | Willis sent a text message using phone number 702-929-1645 in Sacramento, California, to phone number 980-200-4859, which ROSS was using in North Carolina, and wherein the text message included the Social Security PII of Victim 5. |

| Count | On or About Date | Description of Wire |
|---|---|---|
| 8 | January 19, 2016 | Willis communicated by phone (310-619-3674) in Sacramento, California, with ROSS (980-200-4859) in North Carolina, wherein they exchanged information regarding and including the Social Security PII of Victim 6. |
| 9 | February 3, 2016 | Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 10, wherein the PII was stored on Social Security servers located outside of California. |
| 10 | February 29, 2016 | GEORGE used phone number 916-803-8715 to call an SSA field office in Sacramento, California, at phone number 855-782-9153, to pose as Victim 10 and fraudulently change his/her direct deposit account number to a drop account number under ROSS's control. This communication caused an SSA representative to update Victim 10's SSA record with false account information, which required an electronic communication from the representative's computer to SSA's computers servers located in Maryland and North Carolina. |
| 11 | June 7, 2016 | ROSS made a phone call from North Carolina to an SSA field office in Placerville, California, at phone number 877-545-5497, to pose as Victim 7 and fraudulently change his/her direct deposit account number to a drop account number under ROSS's control. |
| 12 | June 19, 2016 | ROSS made two $200 ATM withdrawals in Sacramento, California, from a bank account hosted by MetaBank (account ending 2094), which hosted data centers outside of California, wherein the account contained Social Security payments intended for beneficiaries. |
| 13 | June 20, 2016 | ROSS made one $200 ATM withdrawal in Sacramento, California, from a bank account hosted by MetaBank (account ending 2094), which hosted data centers outside of California, wherein the account included Social Security payments intended for beneficiaries. |
| 14 | August 3, 2016 | ROSS made a phone call from outside of California to an SSA field office in Placerville, California, at phone number 877-545-5497, to pose as Victim 8 and fraudulently change his/her direct deposit account number to a drop account number under ROSS's control. |
| 15 | October 26, 2017 | Willis used his SSA computer and employee pin access in Sacramento, California, to electronically query Social Security PII for Victim 4, wherein the PII is stored on Social Security servers located outside of California. |

All in violation of Title 18, United States Code, Section 1343.

/ / /

/ / /

/ / /

/ / /

/ / /

COUNT SIXTEEN: [18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments]

The Grand Jury further charges: T H A T

DARRON DIMITRI ROSS,

defendant herein, as follows:

## I. THE CONSPIRACY

1. Paragraphs 1 through 4 of Count One are reincorporated as if fully set forth herein.

2. Between in or about November 2016, and continuing thereafter until in or about October 2018, in the State and Eastern District of California, and elsewhere, ROSS and Willis knowingly and intentionally conspired with each other to launder monetary instruments, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, theft of government property in violation of Title 18, United States Code, Section 641 and wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## II. MANNER AND MEANS

During all times relevant to the conspiracy, the manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

3. Paragraphs 6 through 15 of Count One are reincorporated as if fully set forth herein.

4. ROSS opened at least 44 drop accounts under false and stolen identities with financial institutions such as Green Dot, MetaBank, and American Express. The conspirators used these drop accounts to receive money stolen from the SSA, including Social Security benefits to which SSA beneficiaries were entitled. After the SSA deposited money into one or more drop accounts, one of the conspirators withdrew cash from the drop accounts at ATMs using debit cards linked to the drop accounts. These ATM withdrawals were conducted over one hundred times and at numerous locations in the Eastern District of California and elsewhere. Because the drop accounts were opened under false

and stolen identities, the bank records associated with these transactions did not directly attribute any of the withdrawals to any of the conspirators. These withdrawals were fraudulent financial transactions affecting interstate and foreign commerce. The conspirators then divided the cash amongst themselves. The conspirators knowingly used fraudulent drop accounts to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

5. For example, on or about May 5, 2016, the conspirators opened a drop account hosted by MetaBank (account ending 2094) under the name Victim 9. Between on or about June 17, 2016, and April 7, 2017, the conspirators caused the 2094 account to receive approximately $13,447.50 in redirected Social Security benefits. On or about June 19, 2016, ROSS made two $200 ATM withdrawals in Sacramento, California, from the 2094 account, wherein the withdrawn funds included proceeds of the specified unlawful activity. Additionally, on or about June 20, 2016, ROSS made one $200 ATM withdrawal in Sacramento, California, from the same drop account, wherein the withdrawn funds included proceeds of the specified unlawful activity.

6. For example, between on or about December 23, 2015, and January 30, 2016, ROSS deposited approximately $5,900 in cash into Willis's Wells Fargo bank account (ending 8228), which included proceeds of the specified unlawful activity. ROSS previously withdrew these proceeds as cash from one or more drop accounts.

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One, Two, and Five through Fifteen of this Superseding Indictment, defendants DARRON DIMITRI ROSS and JOSHUA BILAL GEORGE shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including, but not limited to the following:

   a. A sum of money equal to the amount of proceeds traceable to such offenses, for which defendants are convicted.

2. Upon conviction of the offense alleged in Count Sixteen of this Superseding Indictment,

defendant DARRON DIMITRI ROSS shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following:

    a. A sum of money equal to the amount of money involved in the offense, for which defendant is convicted.

3. If any property subject to forfeiture, as a result of the offenses alleged in Counts One, Two, and Five through Sixteen of this Superseding Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
FOREPERSON

McGREGOR W. SCOTT
United States Attorney

*No.* 2:18-CR-0266 WBS

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

vs.

DARRON DIMITRI ROSS, and
JOSHUA BILAL GEORGE

SUPERSEDING INDICTMENT

*NO PROCESS NECESSARY*

*NO BAIL WARRANT PENDING HEARING*

**VIOLATION(S):**
18 U.S.C. § 371 – Conspiracy to Defraud and Commit Offenses Against the United States;
18 U.S.C. § 641 – Theft of Government Property;
18 U.S.C. § 1028A – Aggravated Identity Theft;
18 U.S.C. § 1343 – Wire Fraud (11 Counts);
18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments
18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**
*Foreman.*

Filed in open court this ___18th___ day of ___July___, A.D. 20_19_

_____
*Clerk*

Bail, $ _____

GPO 863 525

## United States v. Darron Dimitri ROSS and Joshua Bilal GEORGE
### Penalties for Superseding Indictment

**COUNT 1:**                ALL DEFENDANTS

VIOLATION:              18 U.S.C. § 371 – Conspiracy

PENALTY:                Not more than 5 years imprisonment,
                        Not more than $250,000, or both;

SUPERVISED RELEASE:     Not more than 3 years.

**COUNT 2:**                ALL DEFENDANTS

VIOLATION:              18 U.S.C. § 641 – Theft of government property

PENALTY:                Not more than 10 years imprisonment,
                        Not more than $250,000, or both;

SUPERVISED RELEASE:     Not more than 3 years.

**COUNTS 3 THROUGH 4:**    COUNT 3 – ROSS/GEORGE; COUNT 4 – ROSS

VIOLATION:              18 U.S.C. § 1028A – Aggravated identity theft

PENALTY:                Mandatory two years imprisonment,
                        Consecutive to sentence imposed on counts 1–2 and 4–13

SUPERVISED RELEASE:     Not more than 1 year.

**COUNTS 5 THROUGH 15:**   ALL DEFENDANTS

VIOLATION:              18 U.S.C. § 1343 – Wire Fraud

PENALTY:                Not more than 20 years imprisonment,
                        Not more than $250,000, or both;

SUPERVISED RELEASE:     Not more than 3 years.

| | |
|---|---|
| **COUNT 16:** | **ROSS** |
| VIOLATION: | 18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments |
| PENALTY: | Not more than 20 years imprisonment, Not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, <u>or both a fine and imprisonment</u>; |
| SUPERVISED RELEASE: | Not more than 3 years. |
| SPECIAL ASSESSMENT: | $100.00 (mandatory each count) |

**FORFEITURE ALLEGATION:**

VIOLATION:   18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c)

PENALTIES:   As stated in the charging document