UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA BILAL GEORGE,<br><br>　　　　Defendant. | No. 2:18-cr-266 WBS<br><br>MEMORANDUM AND ORDER RE:<br>MOTION TO SUPPRESS |

----oo0oo----

This case concerns defendant Joshua Bilal George's alleged participation in a scheme to steal Social Security benefits and defraud the Social Security Administration. Before the court is defendant's motion to suppress cell site location information ("CSLI") pertaining to defendant's cell phone. (Docket No. 109.)

The parties agree as to most of the relevant facts in this motion. On May 31, 2018, pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701-2712(d) ("SCA"), the government applied for an order from a magistrate judge to obtain

1

cell site location information for defendant's cell phone from AT&T. (Mot. Opp'n Ex. 1 (Docket No. 117-1 at 6-15).) Under Sections 2703(c) and (d) of the Act, the government may obtain such an order by offering "specific and articulable facts showing that there are reasonable grounds to believe" that electronic communication contents or records "are relevant and material to an ongoing criminal investigation." United States Magistrate Judge Carolyn K. Delaney issued the requested order the same day, and on June 15, 2018, AT&T produced the requested records to the government. (Mot. Opp'n Exs. 1-3 (Docket Nos. 117-1 at 2-4, 117-2 at 2, and 117-3 at 2-3).)

On June 22, 2018, only seven days after the government received the cell site location information for defendant's cell phone, the United States Supreme Court issued its opinion in Carpenter v. United States, 138 S. Ct. 2206 (2018). There, the Court held that the acquisition of cell site location information constituted a search under the Fourth Amendment, and thus the government was required to obtain a search warrant supported by probable cause in order to obtain such information.

Although the parties dispute when the government began analyzing defendant's CSLI, it is undisputed that the government reviewed and analyzed the data after the Carpenter decision was issued.[1] That review, as well certain other records, including

---

[1] Defendant has produced no evidence to dispute the declaration of Special Agent Sean C. Fagan, in which he states that he began a review of the cell site location information no later than June 20, 2018, which was before the decision in Carpenter. This assertion is supported by an email he sent to the United States Attorney's Office on June 20, 2018. (See Fagan Decl. ¶ 8 (Docket No. 117) & Ex. 4 (Docket No. 117-4).) However,

2

cell site location for a "burner phone" connected to the scheme, culminated in a report issued in June 2019, about a year after Carpenter was issued.[2] (Mot. Ex. A. (Docket No. 111).) Defendant now argues that the Carpenter decision required the government to obtain a warrant to review and analyze defendant's cell site location information, notwithstanding the fact that the information was obtained before Carpenter.

The court rejects this argument. The Ninth Circuit's opinion in United States v. Korte, 918 F.3d 750 (9th Cir. 2019) is instructive. There, the court considered whether the good-faith exception applies to the warrantless acquisition of a defendant's CSLI before Carpenter. Looking at United States v. Leon, 468 U.S. 897 (1984) and Illinois v. Krull, 480 U.S. 340 (1987), the Korte court explained that "[e]vidence obtained by the Government, acting in 'objectively reasonable reliance upon a statute' that is 'ultimately found to violate the Fourth Amendment,' does not require suppression." 918 F.3d at 758 (quoting Krull, 480 U.S. at 342, 350).

The Korte court explained that the SCA clearly authorized obtaining CSLI through a court order before Carpenter, and prior to Carpenter, all circuits that had addressed the warrantless search provision of the SCA had affirmed its constitutionality under the Fourth Amendment. 918 F.3d at 758 (citing United States v. Gilton, 917 F.3d 1068, 1078 (9th Cir.

---

the court need not determine when the government's analysis began, for the reasons discussed below.

[2] The government did obtain a warrant to acquire CSLI for the burner phone, pursuant to a request which was made in April 2019, well after the Carpenter decision.

2019) (explaining that, at least as of 2012, "the prevailing belief" was "that CSLI data was not protected by the Fourth Amendment"); United States v. Graham, 824 F.3d 421, 424 (4th Cir. 2016) (en banc); United States v. Carpenter, 819 F.3d 880, 884 (6th Cir. 2016); United States v. Davis, 785 F.3d 498, 511 (11th Cir. 2015) (en banc); In re Application of the U.S. for Historical Cell Site Data, 724 F.3d 600, 615 (5th Cir. 2013); In re Application of the U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Gov't, 620 F.3d 304, 313 (3d Cir. 2010)).

Under these circumstances, the Korte court explained that it could not say "that the Government had any reason to doubt the SCA's constitutionality, such that it may have been acting in bad faith." 918 F.3d at 758. The Korte court further held that finding good faith under these circumstances "accords with the exclusionary rule's limited purpose to deter future Fourth Amendment violations, rather than remedy the rights of a single aggrieved party," because "[f]or us to exclude CSLI, obtained in good faith based on a then-lawful legislative scheme, would do nothing to prevent future Fourth Amendment violations." Id. at 759 (citing, inter alia, Davis v. United States, 564 U.S. 229, 236-37 (2011)). Here, similarly, the court has no reason to doubt that the government obtained defendant's CSLI in good faith, notwithstanding defendant's intimations that the government should have known that the Supreme Court would eventually hold that a warrant was required to obtain CSLI.

The fact that Carpenter may have been issued before or during the government's review of the CSLI has no bearing on this

4

good faith analysis, because Carpenter was issued after the CSLI was obtained by the government. Notably, cases addressing the admissibility of CSLI after Carpenter have focused on when the data was acquired, without inquiry into when the data was analyzed. See, e.g., Korte, 918 F.3d at 758 ("When the Government obtained [the defendant's] CSLI -- before Carpenter was decided -- acting by court order was still authorized."); United States v. Beverly, 943 F.3d 225, 234 (5th Cir. 2019) ("We hold that the Krull strand of the good-faith exception properly applies to the [CSLI at issue], since it was obtained pursuant to a pre-Carpenter warrantless order authorized by statute."); United States v. Goldstein, 914 F.3d 200, 204-05 (3d Cir. 2019) (good faith exception applied to CSLI obtained via court order because "[a]t the time the search was executed, it was authorized" by the SCA ; United States v. Carpenter, 926 F.3d 313, 317-18 (6th Cir. 2019) ("Carpenter II") (on remand from Supreme Court, finding that government agents reasonably relied on the SCA at the time they acquired certain CSLI); United States v. Curtis, 901 F.3d 846, 847-49 (7th Cir. 2018) (exclusion of cell data was not required because it was "collected" in good faith in reliance on the SCA); United States v. Chavez, 894 F.3d 593, 608 (9th Cir. 2018) "[I]nvestigators in this case reasonably relied on court orders and the Stored Communications Act in obtaining the cell site records."); (United States v. Joyner, 899 F.3d 1199, 1204-05 (11th Cir. 2018) (good faith exception applied where the government complied with the SCA at the time it obtained orders to compel cell site records).

"What matters is whether it was objectively reasonable

5

for the officers to rely on the statute at the time of search." Carpenter II, 926 F.3d at 317; see also Krull, 480 U.S. at 349-52 (good faith exception applies to evidence "obtained" in reasonable reliance on a statute later declared unconstitutional). Here, the search was effected when AT&T searched through its records and provided defendant's CSLI to the government.

As explained by one court, orders or warrants to produce information under the SCA "are executed when a law enforcement agent delivers . . . the warrant to the service provider. The service provider, not the agent, performs the 'search'; the service provider 'produces' the relevant material to the agent . . . ." Matter of Leopold to Unseal Certain Elec. Surveillance Appls. & Orders, 300 F. Supp. 3d 61, 89 (D.D.C. 2018) (citations omitted). Defendant has provided no authority, and the court is unaware of any, which would require law enforcement or the government to obtain a warrant to use or analyze evidence that was already in its possession, where subsequent court decisions made it clear that a warrant was now required to obtain such evidence.[3] Simply put, analyzing data

---

[3] Defendant cites United States v. Hasbajrami, 945 F.3d 641, 669-73 (2d Cir. 2019), though that case is inapposite. Hasbajrami involved the incidental collection of electronic communications of United States citizens during a warrantless search targeted at foreign individuals under the Foreign Surveillance Amendments Act. Hasbajrami did not involve the SCA and suggested, but did not hold, that running searches of this incidentally collected data without a warrant could violate the Fourth Amendment's "bedrock . . . concept that law enforcement agents may not invade the privacy of individuals without some objective reason to believe that evidence of crime will be found by a search." Hasbajrami, 945 F.3d at 671-72. Here, the cell site location information was specifically allowed under the

obtained via a court order, pursuant to the SCA, has never been considered a separate search under the Fourth Amendment.

Under this analysis, the search of defendant's CSLI occurred no later than June 15, 2018, when AT&T provided defendant's data to the government. As discussed above, such data was obtained in good faith under the then-valid statute and existing case law.[4] See Korte, 918 F.3d at 758-59.

IT IS THEREFORE ORDERED that defendant's Motion for Suppression of Evidence (Docket No. 109) be, and the same hereby is, DENIED.

Dated: April 7, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

magistrate judge's order, and defendant does not contest that the government's application for such order offered "specific and articulable facts showing that there [were] reasonable grounds to believe" that the records were "relevant and material to an ongoing criminal investigation," as required by the SCA, 18 U.S.C. § 2703(d).

[4] Because the court determines that the good faith exception applies to CSLI acquired prior to Carpenter regardless of when that information may have been later reviewed or analyzed by the government, the court need not hold an evidentiary hearing regarding, for example, "government training during the pre-Carpenter era", the "timeline" of the government agent's review and analysis of the CSLI, and that agent's communications with the prosecutor regarding Carpenter. (See Mot. Reply 5-7 (Docket No. 118) (arguing that an evidentiary hearing was required to determine whether the good faith exception applies in this case).)

Further, because the court determines that the good faith exception applies, it expresses no opinion as whether the inevitable discovery exception would apply in this case.