1  McGREGOR W. SCOTT
   United States Attorney
2  ROBERT J. ARTUZ
   Special Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8

                    IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                    | CASE NO.  2:18-CR-0266-WBS

12 |                          Plaintiff,          | STIPULATION REGARDING TRIAL SETTING
                                                    AND EXCLUDABLE TIME PERIODS UNDER
13 |                 v.                           | SPEEDY TRIAL ACT; FINDINGS AND ORDER

14 | JOSHUA BILAL GEORGE,                         | DATE: June 8, 2020
                                                    TIME: 9:00 a.m.
15 |                          Defendant.          | COURT: Hon. William B. Shubb

16

17         This case is set for a status conference on June 8, 2020, and the parties now seek to set a trial

18 schedule and exclude time periods under the Speedy Trial Act.  On May 13, 2020, this Court issued

19 General Order 618, which suspends all jury trials in the Eastern District of California "until further

20 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

21 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

22 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

23 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

24 were entered to address public health concerns related to COVID-19.

25         Although the General Orders and declarations of emergency address the district-wide health

26 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

27 ———————————————

28      [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION RE TRIAL SETTING AND EXCLUDABLE        1
   TIME PERIODS UNDER SPEEDY TRIAL ACT

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

/ / /

/ / /

/ / /

/ / /

1    In light of the societal context created by the foregoing, this Court should consider the following

2    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3    justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

4    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5    pretrial continuance must be "specifically limited in time").

6                                          **STIPULATION**

7    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

8    through defendant's counsel of record, hereby stipulate as follows:

9    1.    By previous order, this matter was set for status on June 8, 2020.

10    2.    By this stipulation, the parties now move for the Court to vacate the June 8, 2020, status

11    conference, set the following case schedule, and exclude time between June 8, 2020, and December 8,

12    2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]:

| Case Event | Date or Deadline |
|---|---|
| Deadline to file opening expert reports | September 11, 2020 |
| Deadline to file responsive expert reports | September 25, 2020 |
| Deadline to file any *Daubert* motions to exclude expert testimony | October 2, 2020 |
| Deadline to file any opposition to *Daubert* motions | October 9, 2020 |
| Hearing on *Daubert* motions | November 2, 2020, 9:00 a.m. |
| Trial Confirmation Hearing | November 16, 2020, 9:00 a.m. |
| Jury Trial | December 8, 2020, 9:00 a.m. |

3.    The parties further agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION RE TRIAL SETTING AND EXCLUDABLE       3
TIME PERIODS UNDER SPEEDY TRIAL ACT

includes several tens of thousands of pages of investigative reports, Social Security records, bank records, toll records, cellphone extractions, social media records, emails, and related documents in electronic form.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  And this discovery includes hundreds of pages of additional electronic documents made available since the last continuance request (ECF 121).

b)      Counsel for defendant desire additional time to consult with their client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with their client, and to otherwise prepare for trial.

c)      Counsel for defendant believe that failure to grant the above-requested continuance of case events and trial would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defendant's Counsel has relayed that they have had difficulty consulting with the defendant regarding this case due to logistical challenges that stem from COVID-19 safety measures.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 8, 2020 to December 8, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /

/ / /

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  June 3, 2020                              McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ ROBERT J. ARTUZ
                                                 ROBERT J. ARTUZ
                                                 Special Assistant U.S. Attorney


Dated:  June 3, 2020                             /s/ JEREMY DELICINO
                                                 JEREMY DELICINO
                                                 DANIEL OLMOS
                                                 Counsel for Defendant
                                                 JOSHUA BILAL GEORGE


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.


Dated:  June 3, 2020

                                                 WILLIAM B. SHUBB
                                                 UNITED STATES DISTRICT JUDGE

STIPULATION RE TRIAL SETTING AND EXCLUDABLE
TIME PERIODS UNDER SPEEDY TRIAL ACT

5