McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA BILAL GEORGE, <br><br> Defendant. | CASE NO. 2:18-CR-00266-WSB <br><br> STIPULATION FOR CONTINUANCE OF TRIAL DATES AND FOR EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER <br><br> DATE: March 15, 2021 <br> TIME: 9:00 a.m. <br> COURT: Hon. William B. Shubb |

This case is set for a trial confirmation hearing (TCH) on March 15, 2021, with a trial date of April 6, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19. The government and defendant's counsel, Daniel Olmos and Jeremy Delicino, (the "parties") now seek to continue the TCH to March 29, 2021, and the tentative trial date to April 20, 2021. The primary reason for this short continuance request is that defense counsel now has a trial scheduled in March 2021 that may conflict with the current trial date in this case. The parties also seek

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION FOR CONTINUANCE OF TRIAL
DATES AND FOR EXCLUDABLE TIME PERIODS
UNDER SPEEDY TRIAL ACT

1

to exclude time under the Speedy Trial Act and Local Code T4 for continuity of counsel and defense preparation.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Court previously set a TCH for March 15, 2021, with a jury trial date of April 6, 2021.

2. By this stipulation, the parties move for the Court to continue the TCH to March 29, 20201, and the trial date to April 20, 2021, and to exclude time between April 6 and April 20, 2021, under Local Code T4 and pursuant to the below findings.

3. The parties also request that the following trial events and deadlines be continued as follows:

| Event | Previous Date/Deadline | New Deadline/Date |
|---|---|---|
| Expert Report Disclosure Deadline | November 20, 2020 | December 3, 2020 |
| Responsive Expert Report Deadline | December 11, 2020 | December 23, 2020 |
| Deadline to file any *Daubert* Motions to exclude expert testimony | January 18, 2021 | January 26, 2021 |
| Deadline to file any opposition to *Daubert* motions | February 1, 2021 | February 12, 2021 |
| Hearing on *Daubert* Motions | February 22, 2021 | March 8, 2021 |
| Trial Confirmation Hearing | March 15, 2021 | March 29, 2021 at 9:00 am |
| Jury Trial | April 6, 2021 | April 20, 2021 at 9:00 am |

4. The parties agree and stipulate, and request that the Court find the following:

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION FOR CONTINUANCE OF TRIAL
DATES AND FOR EXCLUDABLE TIME PERIODS
UNDER SPEEDY TRIAL ACT

3

a) The government has represented that the discovery associated with this case includes several tens of thousands of pages of investigative reports, Social Security records, bank records, toll records, cellphone extractions, social media records, emails, FPS laptop data, and related documents in electronic form.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Additionally, since the last continuance of the trial date, defense counsel Jeremy Delicino represented that a trial was scheduled for March 2021 that he must attend and that may overlap with the trial schedule in this case.

b) Counsel for defendant desire additional time to consult with their client, to consult with an expert, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with their client, and to otherwise prepare for trial.  Counsel for defendant has represented that these actions have been delayed due to the COVID-19 pandemic.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defendant's Counsel has relayed that they have had difficulty consulting with the defendant and potential witnesses regarding this case due to logistical challenges that stem from COVID-19 safety measures.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 6, 2021, to April 20, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  November 13, 2020                    McGREGOR W. SCOTT
                                             United States Attorney


                                             /s/ ROBERT J. ARTUZ
                                             ROBERT J. ARTUZ
                                             Special Assistant U.S. Attorney


Dated:  November 13, 2020                    /s/ JEREMY DELICINO
                                             JEREMY DELICINO
                                             DANIEL OLMOS
                                             Counsel for Defendant
                                             Joshua Bilal George


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  November 16, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE