1  PHILLIP A. TALBERT
   Acting United States Attorney
2  ROBERT J. ARTUZ
   Special Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7
                    IN THE UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,              CASE NO.  2:18-CR-00266-WBS

11                      Plaintiff,         STIPULATION FOR CONTINUANCE OF TRIAL
                                           DATES AND FOR EXCLUDABLE TIME
12             v.                          PERIODS UNDER SPEEDY TRIAL ACT;
                                           FINDINGS AND ORDER
13  JOSHUA BILAL GEORGE,
                                           DATE: March 29, 2021
14                      Defendant.         TIME: 9:00 a.m.
                                           COURT: Hon. William B. Shubb
15

16          This case is set for a trial confirmation hearing (TCH) on March 29, 2021, with a trial date of

17  April 20, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in

18  the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this

19  Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial

20  Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed

21  district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General

22  Orders, as well as the declarations of judicial emergency, were entered to address public health concerns

23  related to COVID-19.  The government and defendant's counsel, Daniel Olmos and Jeremy Delicino,

24  (the "parties") now seek to continue the TCH to August 23, 2021, and the tentative trial date to

25  September 28, 2021.  The parties also seek to exclude time under the Speedy Trial Act and Local Code

26  T4 for defense preparation.

27
   ────────────────────
28       [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION FOR CONTINUANCE OF TRIAL          1
   DATES AND FOR EXCLUDABLE TIME PERIODS
   UNDER SPEEDY TRIAL ACT

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      The Court previously set a TCH for March 29, 2021, with a jury trial date of April 20, 2021.

2.      By this stipulation, the parties move for the Court to continue the TCH to August 23, 2021, and the trial date to September 28, 2021, and to exclude time between April 20 and September 28, 2021, under Local Code T4 and pursuant to the below findings.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes several tens of thousands of pages of investigative reports, Social Security records, bank records, toll records, cellphone extractions, social media records, emails, FPS laptop data, and related documents in electronic form.  All this discovery has been either produced directly to counsel and/or made available for inspection and copying.  Additionally, the government has represented that it will produce additional discovery within the next two weeks, including the statements of several witnesses, and defense counsel will need additional time to review and investigate that new information in preparation for trial.

b)      Counsel for defendant desire additional time to consult with their client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with their client, and to otherwise prepare for trial.  Counsel for defendant has represented that these actions have been delayed due to the COVID-19 pandemic.

c)      Counsel for defendant believes that failure to grant the above-requested

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  continuance would deny him the reasonable time necessary for effective preparation, taking into

2  account the exercise of due diligence.

3          d)      The government does not object to the continuance.

4          e)      In addition to the public health concerns cited by the General Orders and

5  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

6  ends-of-justice delay is particularly apt in this case because defendant's Counsel has relayed that

7  they have had difficulty consulting with the defendant and potential witnesses regarding this case

8  due to logistical challenges that stem from COVID-19 safety measures.

9          f)      Based on the above-stated findings, the ends of justice served by continuing the

10  case as requested outweigh the interest of the public and the defendant in a trial within the

11  original date prescribed by the Speedy Trial Act.

12          g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

13  et seq., within which trial must commence, the time period of April 20, 2021, to September 28,

14  2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

15  T4] because it results from a continuance granted by the Court at defendant's request on the basis

16  of the Court's finding that the ends of justice served by taking such action outweigh the best

17  interest of the public and the defendant in a speedy trial.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy

2   Trial Act dictate that additional time periods are excludable from the period within which a trial must

3   commence.

4   IT IS SO STIPULATED.

5

6

7   Dated:  March 24, 2021                            PHILLIP A. TALBERT
                                                      Acting United States Attorney

8

9                                                     /s/ ROBERT J. ARTUZ
                                                      ROBERT J. ARTUZ
10                                                    Special Assistant U.S. Attorney

11

12   Dated:  March 24, 2021                           /s/ JEREMY DELICINO
                                                      JEREMY DELICINO
13                                                    DANIEL OLMOS
                                                      Counsel for Defendant
14                                                    Joshua Bilal George

15

16

17                              **FINDINGS AND ORDER**

18   IT IS SO FOUND AND ORDERED.

19   Dated:  March 24, 2021

20                                                    WILLIAM B. SHUBB
                                                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28