UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSHUA BILAL GEORGE,<br><br>        Defendant. | No. 2:18-cr-266-03 WBS<br><br>ORDER RE: MOTION FOR COMPASSIONATE RELEASE |

----oo0oo----

Defendant Joshua Bilal George has filed a motion for compassionate release, arguing that the Bureau of Prisons has failed to adequately treat his mental health conditions. (Docket No. 257.) Defendant contends that he is not receiving treatment for his post-traumatic stress disorder, and that placement in a prison next to an Air Force base exacerbates his mental health symptoms. Defendant seeks his immediate release and modification of his sentence to time served, or in the alternative, modification of the six-month sentence "to time served with a

1

1 | longer term of home detention."[1]

2 | The court recognizes that pursuant to the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), it must consider all of defendant's nonfrivolous reasons for a reduction. United States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475 (9th Cir. 2020), which had held that the First Step Act did not authorize a district court to consider post-conviction legal changes outside of Sections 2 and 3 of the Fair Sentencing Act). Accordingly, the court considers all of the arguments raised by defendant in the instant motion.

The court notes that while defendant claims his mental health treatment is inadequate, he is in fact receiving treatment, as shown by his medical records. It is not for the court, at least in the context of this motion, to determine the efficacy of the prescriptions or mental health treatment defendant is or is not receiving.[2] Defendant's mental health issues were raised at sentencing and were fully taken into

---

[1] Defense counsel states that this court sentenced defendant to six months' imprisonment "followed by a term of home confinement". (Docket No. 257 at 2.) More precisely, the court imposed a sentence of six months' imprisonment followed by 36 months of supervised release, with a special condition of supervision that defendant submit to home detention for 12 months. (See Docket No. 250.) Defendant began serving his sentence on October 4, 2022. Thus, he has served four months of his six month sentence.

[2] The court expresses no opinion as to any potential challenge to defendant's conditions of confinement under 28 U.S.C. § 2241, which the government suggests is the proper vehicle for any complaint about defendant's conditions at his current institution.

account by the court in determining the appropriate sentence. Indeed, much of defense counsel's argument in this motion echoes what was previously raised and considered at sentencing.  The purported worsening of defendant's condition, while concerning, does not convince the court that six months' imprisonment is inappropriate, especially where his sentence is considerably shorter than the 48-month and 24-month sentences his co-defendants received.

Overall, based on the record before the court, defendant has not shown that his mental health condition warrants reduction of his sentence at this time.  Accordingly, his motion for compassionate release (Docket No. 257) is DENIED.[3]

IT IS SO ORDERED.

Dated:  February 3, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]   The court is sympathetic to defendant's claim that his placement in a prison next to an Air Force base exacerbates his symptoms.  However, under 18 U.S.C. § 3621(b), while the court may recommend an institution for confinement, the Bureau of Prisons has exclusive authority to designate the place of the prisoner's imprisonment, based on a variety of factors.